IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 05-CR-30023-MJR** |
| ) | |
| **ROGER BIRCHLER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Defendant Birchler was sentenced on October 7, 2005. Judgment was entered October 13, 2005, and an amended judgment was entered October 21, 2005. Three days later, Birchler filed (and the Court granted in part) a motion to reconsider the sentence. The Court now **GRANTS** the remainder of that motion (Doc. 25).

More specifically, pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)**, the undersigned Judge finds that he committed clear error in imposing Defendant Birchler's sentence.[1]

The Court did not consider all available sentencing alternatives, including intermittent confinement, which would allow Defendant Birchler to maintain his employment and health insurance (which he must do to financially support his family and a seriously ill daughter).

---

[1] Rule 35(a) provides that a District Court, "acting within 7 days after the imposition of sentence," may correct a sentence imposed as a result of "clear error." This correction is being made within 7 days of the entry of the amended judgment, not the imposition of sentence. However, the Seventh Circuit has held that, in keeping with the Advisory Notes, Rule 35's 7-day deadline runs from the date that judgment was entered on the docket, rather than the date sentence was pronounced. *See, e.g., U.S. v. De la Torre*, 327 F.3d 605, 608-09 (7th Cir. 2003).

Additionally, continuing to work will permit Defendant Birchler to pay for the cost of his intermittent confinement in the Perry County Jail.

This sentence now being imposed is consistent with **18 U.S.C. § 3553(a)**, which directs the Court to carefully consider (*inter alia*) the circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide the defendant with correctional treatment "in the most effective manner," and the kinds of sentences available.

**IT IS SO ORDERED.**

**DATED this 28th day of October, 2005.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**